**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1579-18T2

KEVIN JACKSON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 27, 2020 – Decided June 16, 2020

Before Judges Currier and Firko.

On appeal from the New Jersey Government Records Council.

Kevin Jackson, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Department of Corrections (Raymond R. Chance, III, Assistant Attorney General, of counsel; Tasha M. Bradt, Deputy Attorney General, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Government Records Council (Debra A.

Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Kevin Jackson, an inmate at South Woods State Prison, appeals from an October 23, 2018 Government Records Council (GRC) decision denying his request to the New Jersey Department of Corrections (DOC) under the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13.  We affirm.

In 1985, appellant was charged with murder.  He was convicted and sentenced to death on February 6, 1987.  At that time, he was incarcerated at what was formerly known as Trenton State Prison.[1]  In April 1990, appellant's death sentence was reversed.  He was retried and resentenced to life imprisonment.

In his OPRA request, appellant sought his DOC classification file, also referred to as progress notes, from his time on death row from 1987 through 1990. On October 25, 2016, the records custodian from the DOC responded and explained that its record retention schedule for inmate records is ten years after service of the sentence is completed.  The requested records from 1987 through 1990 were destroyed and no longer on file.

---

[1]  It is now known as New Jersey State Prison.

On October 31, 2016, appellant renewed his request and advised the records custodian that he was not released from the custody and care of the DOC between 1987 and 1990 and was instead resentenced in 1992. On November 23, 2016, the records custodian advised appellant that staff members at South Woods State Prison searched his inmate classification folder, but did not find the requested records.

On November 29, 2016, appellant filed a Denial of Access Complaint. The custodian filed a Statement of Information with the GRC on January 6, 2017. The custodian certified that "no specific records responsive to [appellant's] request were located."

On October 23, 2018, the GRC issued its final administrative determination. The agency concluded that appellant's request was properly denied by the custodian because "no responsive records" existed.

On appeal, appellant argues: (1) respondents are the custodian of the records despite the number of years that have transpired; (2) appellant has been in the custody of the DOC since February 6, 1987, and his records had to be registered and stored by the State of New Jersey, not the DOC; and (3) his OPRA complaint was properly filed and is subject to review by this court.

A-1579-18T2

"[U]nder our deferential standard of review, we give weight to the GRC's interpretation of OPRA." McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010). This deference is appropriate in light of the specialized and technical expertise of the agency charged with administration of the regulatory system. In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489 (2004). As such, the determinations and findings of the administrative agency will not be set aside absent "a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008) (citing In re Herrmann, 192 N.J. 19, 28 (2007)).

The GRC, an administrative agency, is statutorily authorized to adjudicate disputes pertaining to the access of government records. N.J.S.A. 47:1A-7(b). However, this court is "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Utley v. Bd. of Review, Dep't of Labor, 194 N.J. 534, 551 (2008) (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

As a matter of law, the GRC correctly determined that the DOC does not have an obligation under OPRA to provide a requestor with a copy of a record

that does not exist, or an obligation to create a new record from information in its possession.  See N.J.S.A. 47:1A-6.  See also Sussex Commons Assocs., LLC v. Rutgers, 210 N.J. 531, 544 (2012); MAG Entm't, LLC v. Div. of Alcoholic Beverage Control, 375 N.J. Super. 534, 546 (App. Div. 2005).  Given the DOC's representation that no responsive records exist and appellant's progress notes from 1987 through 1990 were likely destroyed ten years after his original sentence was deemed administratively completed in accordance with its record retention schedule, its decision was not arbitrary or capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1579-18T2